UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

LORI ANN MORAN, )
           Plaintiff )
  )
v. )
  )
ANDREW DIPASQUA, MICHAEL )
SANBORN, WILLIAM F. GAY, III, and )
the ONSET FIRE DISTRICT, )
           Defendants )
  )

C.A. No.

RECEIPT # 61263
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE 1/4/05

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §1441(a)

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS:

      Petitioners, Andrew DiPasqua, Michael Sanborn, William F. Gay, III, and the Onset Fire

District, respectfully petition this Court for removal of the above-entitled action to the United States

District Court for the District of Massachusetts, Civil Section, from the Superior Court of the

Commonwealth of Massachusetts in and for Plymouth County, and for their Notice of Removal state

as follows:

    1.    Andrew DiPasqua, Michael Sanborn, William F. Gay, III and the Onset Fire District,

        are named as defendants by the plaintiff, Lori Ann Moran, in a civil action filed in

        the Superior Court of the Commonwealth of Massachusetts in and for Plymouth

        County, entitled <u>Lori Ann Moran v. Andrew DisPasqua, Michael Sanborn, William</u>

        <u>F. Gay, III, and the Onset Fire District, Dracut</u>, Civil Action No. 04-1452B. On

        December 20, 2004, the defendant, Andrew K. DiPasqua, was served with a

        Summons and a copy of plaintiff's original Complaint.  <u>See</u> Summons attached

        hereto as Exhibit "A." The defendant has not yet answered the original Complaint,

nor has an appearance been filed on Defendants' behalf.

2.   This is a suit of a wholly civil nature brought in a Massachusetts state court. The action is pending in Plymouth County, Massachusetts, and, accordingly, under 28 U.S.C. §§101 & 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

3.   This is an action in which the plaintiff alleges, among other things, that the defendants, Andrew K. DiPasqua, Michael Sanborn, William F. Gay, III, and the Onset Fire District, violated plaintiff's rights to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution.

4.   Because this case involves federal constitutional issues and claims for relief under federal law, the District Court has original jurisdiction pursuant to 28 U.S.C. §1331.

5.   The defendants are filing this Notice within thirty days of service of the Summons and original Complaint upon the defendant, Andrew K. DiPasqua, within thirty days of the date this case became removable, and within the time for filing this petition. See 28 U.S.C. §1446.

6.   The defendants will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Plymouth.

7.   Pursuant to Local Rule 81.1(a), the petitioners shall request of the Clerk of the Superior Court of Massachusetts, County of Plymouth, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein, and shall file the same with this Court within thirty days after

the filing of this Notice of Removal.

8.    All defendants named in plaintiff's Complaint join in and consent to this Notice of

Removal.

WHEREFORE, petitioners, Andrew DiPasqua, Michael Sanborn, William F. Gay, III, and

the Onset Fire District, pray that the above action now pending in the Superior Court of the

Commonwealth of Massachusetts in and for Plymouth County be removed from that Court to this

United States District Court.

Respectfully submitted,

The Defendants,
ANDREW DIPASQUA, MICHAEL SANBORN,
WILLIAM F. GAY, III, and the ONSET FIRE
DISTRICT,
By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP


John J. Doherty III, BBO#566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950


CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the
above document was served upon each attorney of
record, or pro se litigant, by mail/by hand.

1/6/05
Date

-3-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)    Lori Ann Moran v. Andrew DiPasqua

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

____  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

XX   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

            *Also complete AO 120 or AO 121
            for patent, trademark or copyright cases

____  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

____  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

____  V.    150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).
    N/A

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?                                                    YES ☐        NO ☒

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?  (SEE 28 USC 2403)                          YES ☐        NO ☒
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                                        YES ☐        NO ☐

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?                                          YES ☐        NO ☒

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).                      YES ☐        NO ☒
    OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? -
    (SEE LOCAL RULE 40.1(D)).                                          YES ☐        NO ☒

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT?                                                YES ☐        NO ☒
    (a)    IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE?_____

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE?_____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL SECTION:  YES ☐ NO ☐              OR WESTERN SECTION:  YES ☐        NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME_____ John J. Cloherty III, Esq.
ADDRESS Pierce, Davis & Perritano, LLP, 10 Winthrop Sq., Boston, MA 02110
TELEPHONE NO. _____ (617) 350-0950

(Categform.rev - 3/97)

JS 44
Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

Lori Ann Moran

**DEFENDANTS**

Andrew DiPasqua
Michael Sanborn
William F. Gay, III
Onset Fire District

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Plymouth__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Plymouth__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Margaret A. Ishihara, Esq.
Fleming & Ishihara, P.C.
86 Church Street
Mattapoisett, MA 02739   508-758-6981

ATTORNEYS (IF KNOWN)
John J. Cloherty III, Esq.
Pierce, Davis & Perritano, LLP
10 Winthrop Square - 5th Floor
Boston, MA 02110   617-350-0950

## II. BASIS OF JURISDICTION     (PLACE AN "X" IN ONE BOX ONLY)

1 ☐ U.S. Government
Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

2 ☐ U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                                    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

1 ☐ Original
Proceeding

☒ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT     (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION     (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Due process and equal protection under the 14th Amendment to U.S. Constitution;
Plaintiff alleges termination without due process and in violation of equal
protection.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY     (See instructions):

JUDGE _____     DOCKET NUMBER _____

DATE
01/06/05

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PLYMOUTH, ss.

COMMONWEALTH OF MASSACHUSETTS

(L.S.)

SUPERIOR COURT DEPARTMENT OF
THE TRIAL COURT OF THE
COMMONWEALTH
CIVIL ACTION NO. _04-145ZB_

_Loci Ann Moran_ ..............., Plaintiff(s)

_Andrew R. DiPasqua, Michael G. Sanborn,_
_William F. Gray, III   and_ ..............., Defendant(s)
_the Onset Fire District_

## SUMMONS

To the above-named defendant: _Andrew R. DiPasqua, 10 Wenaah Rd., Wareham, MA._

You are hereby summoned and required to serve upon _Margaret A. Ishihara_ plaintiff
attorney, whose address is _56 Church St., Northampton, MA  01060_, an answer to the complaint
which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the
day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this
court at Plymouth either before service upon plaintiff   attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff   which arises out of the transaction or occurrence that is the subject
matter of the plaintiff   claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse Esquire, at Plymouth the ......._11th_............................day of
_December_....................., in the year of our Lord Two thousand and ...._four_.......

_Frank R. Travers_

CLERK.

## NOTES
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to the particular
    defendant.
3.  To the plaintiff's attorney: please circle type of action involved-Tort-Motor Vehicle Tort-Contract-
    Equitable Relief-Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................., 2004, I served a copy of the within summons
together with a copy with a copy of the complaint in this action, upon the within-named defendant     , in the
following manner (See Mass. R. Civ. P. 4(d)(1-5):.........................................................................

.................................................................................................................................................

.................................................................................................................................................

Dated: ........................, 2004.............

N.B.   TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE  ON DEFENDANT IN THIS BOX ON THE
ORIGINAL AND ON COPY SERVED ON DEFENDANT.




RECEIVED
DEC 2 0 2004
Hart Insurance Agency, Inc.


, 2004
12/20/04
A TRUE COPY ATTEST
DEPUTY SHERIFF

attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's office at Plymouth.