UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

|  |  |
|---|---|
| LORI ANN MORAN,<br>    Plaintiff<br><br>v.<br><br>ANDREW DIPASQUA, MICHAEL<br>SANBORN, WILLIAM F. GAY, III, and<br>the ONSET FIRE DISTRICT,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)   C.A. No. 05-10033 NG<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND

### FIRST DEFENSE

The Complaint does not state a claim for which relief can be granted.

### SECOND DEFENSE

The Complaint does not state a claim for which relief can be granted in that the defendants are not obligated to pay the plaintiff any amount of loss or damage alleged.

### THIRD DEFENSE

The defendants respond to the allegations of the Complaint, paragraph by paragraph, as follows:

1. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2.
a.-d. The Defendants admit the allegations contained in Paragraph 2 of the Complaint to the extent it alleges the Defendants various addresses. The Defendants do not respond to the remaining allegations in Paragraph 2 of the Complaint because such allegations contain conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every other allegation in Paragraph 2 of the Complaint.

3. Admitted.

4. The Defendants admit the allegation in Paragraph 4 of the Complaint to the extent it alleges

the Defendant Andrew DiPasqua served as Water Commissioner for one term from May 1998 through May 2001, and then a second term from May 2004 to present. The Defendants deny each and every other allegation in Paragraph 4 of the Complaint.

5. Admitted.

6. The Defendants admit the allegations in Paragraph 5 of the Complaint to the extent it alleges Plaintiff worked as an Office Clerk at the Onset Water Department. The Defendants are without knowledge as to each and every other allegation in Paragraph 5 of the Complaint and therefore call upon Plaintiff to prove same.

7. Admitted.

8. Denied.

9. Denied.

10. The Defendants admit the allegations in Paragraph 10 of the Complaint to the extent it alleges Defendants did not discipline Kathi Semple. Defendants deny each and every other allegation in Paragraph 10 of the Complaint.

11. Denied.

12. The Defendants admit the allegations in Paragraph 12 of the Complaint to the extent it alleges Defendants did not discipline Kathi Semple. Defendants deny each and every other allegation in Paragraph 12 of the Complaint.

13. Denied.

14. The Defendants admit the allegations in Paragraph 14 of the Complaint to the extent it alleges that after Plaintiff started a confrontation with Superintendent Gay, she was instructed to go home, and later was informed in writing that she was placed on Administrative Leave pending disciplinary action. The Defendants deny each and every other allegation in Paragraph 14 of the Complaint.

15. The Defendants do not respond to the allegations in Paragraph 15 of the Complaint to the extent such allegations purport to recite the contents of documents, which documents speak for themselves. The Defendants are without knowledge sufficient to admit or deny the allegations concerning Plaintiff's communications with John Cook, and therefore call upon Plaintiff to prove same. The Defendants deny each and every other allegation contained in Paragraph 15 of the Complaint.

16. The Defendants do not respond to the allegations in Paragraph 16 of the Complaint to the

extent such allegations purport to recite the contents of documents, which documents speak for themselves. The Defendants are without knowledge sufficient to admit or deny the allegations concerning Plaintiff's communications with John Cook, and therefore call upon Plaintiff to prove same. The Defendants deny each and every other allegation contained in Paragraph 16 of the Complaint.

17. The Defendants do not respond to the allegations in Paragraph 17 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves.

18. The Defendants do not respond to the allegations in Paragraph 18 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves.

19. The Defendants do not respond to the allegations in Paragraph 19 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves.

20. The Defendants do not respond to the allegations in Paragraph 20 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves.

21. The Defendants do not respond to the allegations in Paragraph 21 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves. The Defendants admit the remaining allegations in Paragraph 21 of the Complaint to the extent it alleges Kathi Semple is a Union Shop Steward.

22. The Defendants do not respond to the allegations in Paragraph 22 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves. The Defendants deny each and every other allegation in Paragraph 22 of the Complaint.

23. The Defendants do not respond to the allegations in Paragraph 23 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves. The Defendants admit that Plaintiff was terminated from her employment.

24. Admitted.

25. The Defendants admit the allegations in Paragraph 25 of the Complaint to the extent it alleges the Board of Water Commissioners met to seek a resolution to Plaintiff's concerns, however, no resolution was reached. The Defendants do not respond to the remaining allegations in Paragraph 25 of the Complaint to the extent such allegations purport to recite

the content of documents, which documents speak for themselves.

26. The Defendants do not respond to the allegations in Paragraph 26 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves. The Defendants deny each and every other allegation in Paragraph 26 of the Complaint.

27. The Defendants do not respond to the allegations in Paragraph 27 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves. The Defendants are without knowledge as to what response, if any, was transmitted by Attorney Murray, and therefore call upon Plaintiff to prove same.

28. The Defendants do not respond to the allegations in Paragraph 28 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves. The Defendants are without knowledge as to what response, if any, was transmitted by Attorney Murray, and therefore call upon Plaintiff to prove same.

29. The Defendants admit the allegations in Paragraph 29 of the Complaint to the extent it alleges a public hearing was held on June 30, 2004, wherein statements were made by Defendant William F. Gay, III and other concerning Plaintiff's conduct. Defendants deny each and every other allegation in Paragraph 29 of the Complaint.

30. The Defendants admit the allegations in Paragraph 30 of the Complaint to the extent it alleges Plaintiff was terminated by vote of the majority of the Board. Defendants do not respond to the allegations in Paragraph 30 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves. Defendants deny each and every other allegation in Paragraph 30 of the Complaint.

31. The Defendants do not respond to the allegations in Paragraph 31 of the Complaint to the extent such allegations purport to recite the content of documents, which documents speak for themselves. The Defendants deny the remaining allegations in Paragraph 31 of the Complaint to the extent it alleges this was a Union grievance because Plaintiff's signature alone is on the form, which lacks the endorsement of a Union official.

32. Admitted.

33. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 33 of the Complaint.

34. Admitted.

35. The Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 35 of the Complaint.

## Count I - Due Process

36. The Defendants repeat and reallege by reference their responses to Paragraphs 1 through 35 above.

37. a.-d. The Defendants admit the allegations contained in Paragraph 37 of the Complaint to the extent it alleges the Defendants various addresses. The Defendants do not respond to the remaining allegations in Paragraph 37 of the Complaint because such allegations contain conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every other allegation in Paragraph 37 of the Complaint.

38. Denied.

39. The Defendants do not respond to the allegations in Paragraph 39 of the Complaint because such allegations contain conclusions of law not requiring a responsive pleading.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## Count II

44. The Defendants repeat and reallege by reference their responses to Paragraphs 1 through 43 above.

45. a.-d. The Defendants admit the allegations contained in Paragraph 45 of the Complaint to the extent it alleges the Defendants various addresses. The Defendants do not respond to the remaining allegations in Paragraph 45 of the Complaint because such allegations contain conclusions of law to which no response is required. To the extent a response is deemed necessary, Defendants deny each and every other allegation in Paragraph 45 of the Complaint.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

### FOURTH DEFENSE

If the plaintiff suffered injuries or damage, as alleged, such injuries or damage were caused by someone for whose conduct the defendants were not and are not legally responsible.

### FIFTH DEFENSE

The plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SIXTH DEFENSE

The defendants' conduct was in compliance with, and is protected by the laws of the Commonwealth of Massachusetts and/or the laws of the United States.

### SEVENTH DEFENSE

The defendants were justified in their actions and conduct and therefore are not liable to the plaintiff.

### EIGHTH DEFENSE

The plaintiff's recovery is barred by her failure to mitigate damages.

### NINTH DEFENSE

The defendants acted reasonably, within the scope of their official discretion and in a good faith belief that their actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known as to all matters alleged in the complaint which bear on a question of State or Federal law.

### TENTH DEFENSE

The defendants' acts and conduct were privileged by virtue of defendants acting reasonably and in good faith within the scope of their authority and therefore plaintiff cannot recover.

### ELEVENTH DEFENSE

The plaintiff by her actions and/or conduct is estopped to be granted any relief in this action and/or has waived any and all rights she may have had against the defendants.

### TWELVE DEFENSE

The plaintiff's claims must fail due to her failure to timely exhaust her administrative remedies.

### THIRTEENTH DEFENSE

The plaintiff was not deprived of any rights secured by either the State or U.S. Constitution and/or the laws of the Commonwealth of the United States.

### FOURTEENTH DEFENSE

No act or omission by the defendants was a proximate cause of damages, if any, sustained by the plaintiff.

### FIFTEENTH DEFENSE

The defendants' conduct and actions were reasonable and, therefore, the plaintiff cannot recover.

### SIXTEENTH DEFENSE

The defendants were privileged in their conduct and actions and are, therefore, not liable to the plaintiff.

### SEVENTEENTH DEFENSE

The Defendants state that the injuries or damages alleged were caused in whole or in part by the violation by the Plaintiff of the various statutes, ordinances and regulations governing the conduct of the parties at the time said injuries or damages were sustained.

### EIGHTEENTH DEFENSE

The Individual Defendants are entitled to qualified immunity.

### NINETEENTH DEFENSE

The Defendants were justified in their conduct and acts and, therefore, not liable to the

Plaintiff.

## TWENTIETH DEFENSE

The Defendants state that at all times relevant hereto, the Defendants acted without malice toward the Plaintiff and that their actions relative to the Plaintiff were privileged by virtue of acting reasonably and in good faith within the scope of their authority.

## TWENTY-FIRST DEFENSE

The Individual Defendants have qualified immunity from this suit as the alleged acts complained of occurred within the scop of their official duties and they had no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of the Plaintiff's rights at the time that they were allegedly committed.

## JURY DEMAND

THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES RAISED IN THE COMPLAINT AND IN THIS ANSWER.

Respectfully submitted,

The Defendants,
ANDREW DIPASQUA, MICHAEL SANBORN,
WILLIAM F. GAY, III, and the
ONSET FIRE DISTRICT,
By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP

_____
John J. Cloherty III, BBO#566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, by first class mail & electronic filing.

1/14/05    _____
Date