UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| LORI ANN MORAN,<br>　　　　Plaintiff<br><br>v.<br><br>ANDREW DIPASQUA, MICHAEL<br>SANBORN, WILLIAM F. GAY, III, and<br>the ONSET FIRE DISTRICT,<br>　　　　Defendants | C.A. No. 05-10033 NG |

## DEFENDANTS' MOTION TO COMPEL RESPONSES TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO THE PLAINTIFF

　　　　Now comes the Defendant Onset Fire District, and hereby moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 37(d) for an order compelling the Plaintiff to respond to requests for production of documents within twenty (20) days from the granting of this motion. In further support of its motion, the Defendant states:

1)　　On July 18, 2005, the Defendant Onset Fire District served, pursuant to Rule 34, a Request for Production of Documents upon the Plaintiff, a copy of which is attached hereto as **Exhibit A**.

2)　　The thirty-day period permitted by Rule 34 has expired, and the Plaintiff failed to file a written response or to produce the documents requested.

3)　　The documents described in said Request are properly subject to discovery within the scope of Rules 26(b) and 34, and are described with reasonable particularity.

4)　　The undersigned counsel for Defendant Onset Fire District hereby certifies that an attempt has been made to confer with the party from whom discovery is sought to obtain the responses and answers without Court order. See Attorney Cloherty letter to Margaret A. Ishihara, Esq. dated September 9, 2005 (attached hereto as **Exhibit B**).

WHEREFORE, the Defendant Onset Fire District requests an order compelling the Plaintiff to respond to requests for production of documents within twenty (20) days of the granting of this motion.

Respectfully Submitted,

The Defendant,
ONSET FIRE DISTRICT,
By its attorneys,

PIERCE, DAVIS & PERRITANO, LLP

_____
John J. Cloherty III, BBO # 566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

### Certification of Compliance with Rule 37.1

The moving party hereby certifies that counsel has in good faith attempted to confer with the party failing to make discovery in an effort to secure the information or material without Court action.

_____
John J. Cloherty III
BBO # 566522

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, or pro se litigant, by electronic mail.

10/11/05
Date

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

C.A. No.: 05-10033 NG

LORI ANN MORAN,

    Plaintiff.

v.

ANDREW K. DIPASQUA, MICHAEL C. SANBORN, WILLIAM F. GAY, III, and the ONSET FIRE DISTRICT,

    Defendants.

**DEFENDANT ONSET FIRE DISTRICT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF**

    Pursuant to the provisions of Rule 34 of the Federal Rules of Civil Procedure, the Defendant ONSET FIRE DISTRICT requests that the Plaintiff, LORI ANN MORAN, produce for inspection and copying the following designated documents. The documents are to be produced at the office of: John J. Cloherty III, Esq., Pierce Davis & Perritano, LLP, Ten Winthrop Square, Boston, MA 02110 (on or before 30 days from the receipt of this Request), with the documents organized in the manner specified in Fed. R. Civ. P. 34(b).

**INSTRUCTIONS AND DEFINITIONS**

1. If you claim any privilege or immunity from discovery with respect to any documents sought herein, then please provide the following information as to each document to which each such claim is made:

    a.    its date;

    b.    the name and address of its maker;

    c.    the name and address of each person who has seen and reviewed each document;

    d.    the name and address of each person listed as an addressee;

    e.    a description of its subject matter;

    f.    the nature of the privilege or immunity claim; and

  g.  a summary of all facts and circumstances upon which such claim is based.

2. The term *"Plaintiff"* refers to the plaintiff, LORI ANN MORAN, all of her agents, attorneys and representatives, and any other persons or entities acting or purporting to act on her behalf.

3. The term *"Defendants"* refers to the defendants ANDREW K. DIPASQUA, MICHAEL C. SANBORN, WILLIAM F. GAY, III, and the ONSET FIRE DISTRICT, all of their agents, attorneys and representatives, and any other persons or entities acting on their behalf.

4. The term *"documents"* shall mean the original, all non-identical copies and all drafts of any book, pamphlet, letter or other form of correspondence, telegram, telex, telefax, cable, report, study, memorandum, note, diary entry, log entry, telephone memorandum, summary or financial record. If any document sought by the Request for Production of Documents has been destroyed (and no copies exist), identify the date of destruction and the person responsible for ordering destruction and the purpose for destruction.

5. The term *"person"* as used herein means any natural person or any business, legal, or governmental entity or association.

6. The term *"identify"* means to give, to the extent known:

  a.  As to any person(s): the person's full name, present or last known address, and present or last known job title and business address;

  b.  As to any "communication": the date thereof or best information as to when the communication occurred, identity of the participants, the location(s) where the communication took place, and the substance of the conversation stating as accurately as possible who said what.

  c.  As to any documents: a description (i.e. letter, minutes, memorandum) of the type of document, the general subject matter of the document, the date or best known information as to when document was created, the present or last known location of the document, and author(s), addressee(s), and recipient(s);

## DOCUMENTS REQUESTED

1. All reports, memoranda, notices, letters, correspondence and any other documents which came into the possession of the Plaintiff or Plaintiff's attorney at any time during the period from January 1, 2002 to the present date, in any way concerning or relating to any complaint, between the Plaintiff, and Plaintiff's agents, servants or employees, and:

  a.  The Defendants, their agents, servants, employees or attorneys;

  b.  Any insurance company(ies) providing insurance to the Plaintiff for any portion of

    the losses allegedly sustained by the Plaintiff as a result of the incident(s) alleged in the complaint, and the agents, servants, employees or attorneys for each insurance company; and

  c. Any agency, bureau, commission of the federal government or of any state, local or municipal government.

2. Copies of any and all documents referred to in preparing Plaintiff's answers to interrogatories propounded to Plaintiff by the Defendant.

3. All documents which evidence that Plaintiff was an employee for the Town of Onset, employed as Office Clerk for the Water Department or otherwise, including but not limited to, full and complete copies of all contracts and/or proposed contracts between Plaintiff and the Town of Onset, and/or any collective bargaining agreement under which she was employed.

4. All documents concerning or related to Plaintiff's commencing employment with the Defendant, including but not limited to any applications for employment, employment references, correspondence from the Defendants, job advertisements, and/or notes from job interviews.

5. Copies of any diary, journal, calendar or notes made, prepared, compiled or kept by the Plaintiff concerning any of the events, occurrences, alleged loss and/or harm alleged in the Complaint and/or the statements made by any Defendant regarding the incidents alleged in the Complaint.

6. All documents concerning any of the incidents alleged between Ms. Kathi Semple and Defendant Gay.

7. All documents concerning any and all hearings or meetings of the Onset Board of Water Commission as alleged in Plaintiff's Complaint.

8. All notes, memoranda and other written records relating to the Plaintiff's allegations made or received by the Plaintiff, their agents, servants or employees concerning any meeting or meetings, telephone conversation or conversations that occurred during the period from January 1, 2002 to the present between the Plaintiffs, their agents, servants or employees and the Defendants, their agents, servants or employees.

9. Copies of all correspondence, notes, and/or transcriptions of any and all communications between you and any other person (not including the attorney who represents you in the present action) reporting, relating, describing, or in any way concerning any of the events, occurrences and/or conditions alleged in the Complaint, including but not limited to:

  a. Any document, written or otherwise transcribed, constituting or evidencing a

      complaint, either formal or informal, relating in any way to the alleged actions of the Defendants; and

    b.     Any document, written or otherwise transcribed, constituting a response to any complaint made, written or oral, relating in any way to the alleged actions of the Defendants.

10. Copies of all signed or unsigned written or oral statements recorded by mechanical and/or electrical means made by any persons having knowledge of the allegations contained in the Complaint, directly or indirectly, which are in the possession, custody or control of the Plaintiff.

11. All documents, written or otherwise transcribed, related to the substance of any and all hearings, public or otherwise, in any manner regarding the alleged actions of the Plaintiff and/or any employment action or discipline taken towards Plaintiff by Defendants.

12. Copies of any and all documents which the Plaintiff intends to introduce as an exhibit and/or evidence at trial.

13. All photographs, videos, films, sketches, diagrams, tables or the like relating in any way to any of the Plaintiffs' allegations against the Defendant.

14. Copies of the expert witness reports of any expert witnesses whom you expect to testify at trial, including copies of the curriculum vitae, publication list and documents manifesting qualifications and/or experience of each expert witness.

15. Copies of any and all notes, reports, correspondence, graphs, charts, compilations, exhibits or documents of any sort prepared by any expert witness whom you expect to call as a witness at trial.

16. All pleadings filed by the Plaintiff in every other lawsuit which arises out of the events and occurrences alleged in the Plaintiff's Complaint, or any other lawsuit in which Plaintiff was a party.

17. Copies of all releases, covenants or agreements given by Plaintiff or on Plaintiff's behalf, to any person, firm or entity regarding claims arising out of the events and occurrences which are the subject matter of this lawsuit.

18. True and complete copies of the Plaintiff's federal income tax returns for the years 2000 through the present.

19. All books, documents and other records showing the Plaintiff's income from all sources for the years 200 through the present.

4

20. Copies of any and all written materials evidencing any out of pocket expenses claimed by Plaintiff or on Plaintiff's behalf as damages as a result of the events set forth in the Complaint, including but not limited to, any canceled checks, money orders and other evidence of payments made.

21. Any and all documents which substantiate the Plaintiff's claim for damages allegedly resulting from the Defendants' conduct alleged in the Complaint.

22. Copies of all medical records and/or medical bills relating in any way to any medical (including psychological and/or psychiatric) treatment received by Plaintiff for injuries, ailments or other conditions which Plaintiff contends are in any way related to the incidents alleged in the Complaint.

23. All documents and materials relating in any way to the estimation of future costs Plaintiff will have to incur as a result of the alleged conduct by the Defendants in the Plaintiff's Complaint.

24. Copies of any and all documents relating in any way to Plaintiff's efforts to obtain employment subsequent to her employment with the Defendant, or any other efforts to mitigate damages.

25. All documents describing Plaintiff's employment history, to include Plaintiff's resume or curriculum vitae.

The Defendant,
ONSET FIRE DISTRICT,
By its attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Cloherty III, BBO #566522
Ten Winthrop Square
Boston, MA 02110
(671) 350-0950

I hereby certify that a true copy of the above document was served upon (each party appearing pro se and) the attorney of record for each (other) party by mail (by hand) on 7/13/05.

5

# EXHIBIT "B"

## PIERCE, DAVIS & PERRITANO, LLP
### COUNSELLORS AT LAW

Joel F. Pierce
John J. Davis *
Judith A. Perritano
John J. Cloherty III *

Of counsel:
Gerald Fabiano
Jeffrey M. Sankey*

TEN WINTHROP SQUARE
BOSTON, MA 02110-1257

TELEPHONE (617) 350-0950
FACSIMILE (617) 350-7760

James M. Dunn
John R. Felice
David C. Hunter †
Robert S. Ludlum † ●
Maureen L. Pomeroy ○
Daniel G. Skrip ♦
Darlene M. Tonucci ■

* also admitted in RI
♦ also admitted in PA
† also admitted in NY
● also admitted in CT
■ also admitted in FL
○ also admitted in NH

September 9, 2005

Margaret A. Ishihara, Esquire
FLEMING & ISHIHARA, P.C.
86 Church Street
Mattapoisett, MA 02739

    RE:    *Lori Ann Moran v. Andrew DiPasqua, et al*
            *U.S.D.C. Civil Action No. 05-10033 NG*
            *Our File No.: 164-0402640*

Dear Attorney Ishihara:

    I am in receipt of the plaintiff's answers to interrogatories propounded by the defendant. Upon review I note in response to Interrogatory No. 3, plaintiff references a letter from herself to the Defendant William Gay dated September 3, 2003, indicating it is attached to her answers, however, no such document was included. Please provide me with a copy of that correspondence.

    Please also advise when we may expect receipt of plaintiff's response to defendant Onset Fire District's request for production of documents.

    Thank you for your attention to this matter.

                           Very truly yours,

                           PIERCE, DAVIS & PERRITANO, LLP

                           John J. Cloherty III

JJC/mm