U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
DOCKET NO. 05-10033 NG

LORI ANN MORAN, PLAINTIFF VS. ANDREW DIPASQUA, MICHAEL SANBORN, WILLIAM F. GAY, III and the ONSET FIRE DISTRICT, DEFENDANTS

PLAINTIFF'S MOTION TO ENLARGE TIME FOR THE FILING OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF REASONS

Now comes the Plaintiff in the above referenced case and moves for an order of the court enlarging the time for the filing of Plaintiff's opposition to Defendant's Motion for Summary Judgment from May 3, 2006 to May 24, 2006.

STATEMENT OF THE CASE

This case arises out of the termination of the Plaintiff as an employee working at the Onset Water Department. The vote to terminate the Plaintiff was taken at the June 30, 2004 meeting of the Onset Board of Water Commissioners. The alleged incident leading to the Plaintiff's termination took place at the Onset Water Department building on April 27, 2004.

The Plaintiff contends that she was not afforded due process of law in connection with her termination. She further claims that she was singled out for adverse treatment in violation of her rights to equal protection of the law.

The Complaint in this case was removed from the state superior court, and the state court record was entered in this court on January 13, 2005.

On or about March 13, 2006, the Defendants provided Plaintiff's counsel with the audiotapes of the June 30, 2004 meeting and audiotapes of 4 other relevant meetings.

On or about March 29, 2006, the Defendants sent Plaintiff's counsel Defendants' Second Supplemental Local Rule 26.2 (A) Disclosure. Attached to this statement is an

1

undated statement of Kathi Semple. A copy of this disclosure is attached as Exhibit "A" to this Motion..

The Defendant's Motion for Summary Judgment was filed on April 3, 2006. In connection with the preparation for filing the opposition to this motion, plaintiff's counsel has arranged to have the tape of the June 30, 2004 meeting transcribed. The audiotapes consist of two 90 minute cassette tapes. Upon listening to the tape, plaintiff's counsel found that about ½ of Side A of Tape no. 1 and the entire Side B were blank. Defendants' counsel was advised of the gap, and has agreed to contact his client to check on this matter. A copy of the letter to Defendant's counsel is attached as Exhibit "B" to this Motion.

ARGUMENT

The Plaintiff needs additional time to get the missing portions of the audiotapes in order to respond to the Defendants' Motion for Summary Judgment.

Additionally, Plaintiff's counsel is schedule for a 4 day trial in another case in this court on April 24, 2006. Plaintiff's counsel is also scheduled for trials in the Bristol Superior Court on May 4, 2006 and May 18, 2006 and scheduled for hearing before the Massachusetts Labor Relations Commission on May 16, 2006 and May 17, 2006.

CONCLUSION

For the reasons stated above the Plaintiff requests leave of court to extend the time for the filing of Plaintiff's opposition to Defendants' Motion for Summary Judgment to May 24, 2006.

PLAINTIFF LORI ANN MORAN
By her Attorney
/s Margaret A. Ishihara
Margaret A. Ishihara, BBO#247930
86 Church St.
Mattapoisett, MA. 02739
Telephone: (508) 758-6981
e-mail mimattlaw@comcast.net
Date: 14 April 2006

CERTIFICATE OF CONSULTATION

      Counsel for the Defendant left a telephone message on April 14, 2006 in response to my inquiry as to whether he would assent to the Motion. In the telephone message, counsel for the Defendant stated that he would not object to the motion, but he would not assent to the motion either, and that he felt 3 weeks was a little long, but would leave it up to the court to decide.

Date: 14 April 2006                  /s Margaret A. Ishihara
                                                   Margaret A. Ishihara

5

## CERTIFICATE OF SERVICE

      I hereby certify that I have served the within document by mailing a copy first class mail postage pre paid to:

John J. Cloherty, III
Pierce, Davis & Perritano, LLP
Ten Winthrop Square
Boston, MA. 02110
Telephone: (617) 350-0950

Date: 14 April 2006        /Margaret A. Ishihara
                                        Margaret A. Ishihara

UNITED STATES DISTRICT COURT
COMMONWEALTH OF MASSACHUSETTS

|  |  |
|---|---|
| LORI ANN MORAN, <br> Plaintiff, <br><br> v. <br><br> ANDREW DIPASQUA, MICHAEL SANBORN, WILLIAM F. GAY, III, and the ONSET FIRE DISTRICT, <br> Defendants. | C.A. No. 05-10033 NG |

## DEFENDANTS' SECOND SUPPLEMENTAL LOCAL RULE 26.2(A) DISCLOSURE

In Supplementation of their prior disclosures, pursuant to United States District Court Local Rule 26.2(A), the Defendants, Andrew Dipasqua, Michael, Sanborn, William F. Gay, III, and the Onset Fire District, disclose the following as required by Fed.R.Civ.P. 26(a)(1):

B.   The following non-privileged documents or categories of documents are currently in the Defendants' possession, custody or control that may be relevant to the facts alleged with particularity in the pleadings:

The Defendants Supplement their prior disclosures by producing the accompanying documents or tangible things in their possession, custody or control that may be relevant to the claims and defenses:

Exhibit 1: Witness statement of Kathi Semple (2 pages).

Exhibit "A"

Respectfully submitted,

The Defendants,
ANDREW DIPASQUA, MICHAEL SANBORN, WILLIAM F. GAY, III, and the ONSET FIRE DISTRICT,

By their attorneys,

PIERCE, DAVIS & PERRITANO, LLP

John J. Cloherty III, BBO#566522
Ten Winthrop Square
Boston, MA 02110
(617) 350-0950

CERTIFICATE OF SERVICE
I hereby certify that on this day a true copy of the above document was served upon each attorney of record, by hand delivery Fax + reg. mail

3/29/06
Date

-2-

## Onset Fire District
## Onset Water Department

15 SAND POND ROAD
Onset, Massachusetts 02558
Telephone Wareham (508) 295-0603
FAX (508) 295-0606

Board of Water Commissioners
John Cook Chairman
Michael Sanborn/Clerk

4/27/04 APPROX 3:-3:15 PM SUPT. WM. GAY WAS TALKING TO ME ABOUT COPIES THAT HAD TO BE MADE FOR A REQUEST THAT WAS MADE ABOUT PUBLIC RECORDS. HE STATED TO ME YOU CAN KEEP ON WITH THE BILLING AND SHE CAN DO THE COPIES I SAID OK. AS HE STATED THIS LORI MORAN SAID NOW I'M A SHE, I HAVE A NAME. I DON'T LIKE BEING REFERRED TO AS SHE, THE SUPT. LEFT THE ROOM AND I SAID LORI HE JUST WANTS YOU TO MAKE COPIES. HE REFERRED TO ME AS YOU DO THE BILLING AND I DID NOT FIND IT OFFENSIVE, HE JUST STATED SHE AS YOU CAN MAKE THE COPIES. TELLING ME THIS. LORI STATED TO ME THANK YOU FOR CALLING ME LORI.

SUPT. WALKED BACK INTO THE ROOM AND LORI STARTED YELLING THAT SHE DOES NOT LIKE THAT DISRESPECT, AND I LEFT THE ROOM. I HEARD LORI YELLING AT THE SUPT. AND HE APOLIGIZED, AND SAID THEN SAID DID YOU JUST TELL ME TO SHUT UP. LORI SAID NO I DIDN'T BUT IT WAS ON MY LIPS. THE SUPT. LEFT THE ROOM AND I CAME BACK INTO THE ROOM. THE SUPT. LEFT THE BLDG. LORI TOLD ME HE SAID I SAID SHUT UP AND I SAID DID YOU, LORI SAID NO BUT IT WAS ON MY LIPS. LORI STATED TO ME SHE WAS SICK OF HIM DISRESPECTING HER, ONCE AGAIN I SAID I THINK HE SAID YOU TO ME AND SHE CAN MAKE THE COPIES AND I DID NOT THINK IT WAS DISRESPECTFUL.

I CALLED THE SUPT. ON THE NEXTEL TO LET HIM KNOW HIS WIFE WANTED A BOOK I HAD AND NOT TO FORGET IT WHICH HE THEN ASKED ME FOR A RIDE HOME. LORI THEN STATED TO ME TO TELL HIM HE COULD RIDE ON HER BUMPER AND I WOULD NOT RELAY THE MESSAGE, SO LORI GETS UP AND ASKS ME FOR THE NEXTEL TO TELL HIM THIS. THE SUPT. AGAIN ASKS ME FOR A RIDE AND I SAID OK.

NOW IT IS ABOUT 3:45 AND THE SUPT. COMES BACK INTO THE OFFICE AND TELLS LORI TO KEEP HER REMARKS TO HERSELF AND THIS IS HER WARNING, LORI THEN STATES VERY LOUDLY AM I FIRED, THE SUPT. SAID THIS IS YOUR WARNING AND TO DROP IT. LORI ASKS AGAIN WHY AM I FIRED, AM I FIRED AND THE SUPT. SAID TO HER WHY DON'T YOU JUST GO

HOME AND I'LL PAY YOU TO LEAVE NOW. LORI AGAIN STATES AM I FIRED? THE SUPT. LEAVES THE BLDG. IT IS CLOSE TO 4 AND SHE WANTS TO KNOW WHERE HE IS BECAUSE SHE WANTS TO KNOW IF SHE IS FIRED OR NOT. IT IS NOW 4PM AND JAY LEAVES AND LORI SAID SOMEONE HAS TO STAY HERE WITH ME TO SEE IF I'M FIRED. I TELL CHRIS TO LEAVE I WILL STAY. I LOOK FOR THE SUPT. IN THE BACKROOM AND OUTSIDE HE IS NOT HERE. ME & LORI GO OUTSIDE SO CHRIS CAN LOCK THE DOOR AND SHE ASKS ME TO WAIT UNTIL HE GETS BACK. I TELL HER I THINK HE IS WALKING HOME SO WHY DON'T WE JUST LEAVE, SHE SAID NO, I WANT TO KNOW IF I'M FIRED I START TO WALK DOWN THE HILL TO SEE IF THE SUPT IS DOWN BELOW WHEN LORI YELLS TO ME HE IS UP HERE AT THE DOOR. LORI THEN SAID TO THE SUPT. SO AM I FIRED AND HE GOES TO GET IN MY VAN AND TELLS HER I'LL LET YOU KNOW. THIS IS ABOUT 4:05PM. WE LEFT AND SO DID SHE.

4/27/04 THE SUPT CALLED ME AT HOME TO CALL LORI IN THE AM TO ASK HER TO STAY HOME WITH PAY AND HE'D LET HER KNOW TODAY. THIS WAS AT ABOUT 9PM.

4/28/04 AT 7AM I CALLED LORI AT HOME AND SAID BILLY WANTS TO KNOW IF YOU'D STAY HOME TODAY AND HE'LL PAY YOU AND LET YOU KNOW TODAY, SHE ASKED ME IF SHE WAS FIRED I SAID I DON'T KNOW I THINK HE HAS TO TALK TO SOMEONE OR SOMETHING I'M JUST RELAYING A MESSAGE FROM BILLY. OK PER HER OK.

4/28/04 8:05 AM LORI'S HUSBAND CAME INTO THE OFFICE AND WANTED PAPERS OUT OF LORI'S DRAWER I GAVE THEM TO HIM, HE LEFT THEN CAME RIGHT BACK IN TO ASK IF BILLY WAS WORKING I SAID YES.

4/28/04 AT 3PM I CALLED LORI TO ASK HER FOR BILLY IF SHE WILL STAY HOME UNTIL MONDAY WITH PAY AND HE'LL LET YOU KNOW. I ALSO TOLD HER THEY WERE HAVING A MEETING FRIDAY AT 4:30 TO DO WITH THE AUTHORITY OF THE SUPT. SHE ASKED ME IF THIS WAS OPEN TO THE PUBLIC WHICH I STATED AS FAR AS I KNOW UNLESS THEY GO INTO EXECUTIVE SESSION. HE JUST WANTED ME TO LET YOU KNOW THAT HE WANTS YOU TO STAY HOME AND WILL PAY YOU UNTIL MONDAY. OK, OK PER HER.

4/29/04 LORI CALLED AND WANTS IT IN WRITING WHY SHE'S HOME. I NEXTEL BILLY.

4/29/04 LORI'S HUSBAND CAME IN TO GET LORI'S CHECK AND WANTED TO KNOW WHY SHE IS HOME. AND IF HE COULD HAVE IT IN WRITING BILLY WALKED IN AND I SAID TO LORI'S HUSBAND I CAN HAVE JAY DROP OFF HER CHECK AND THE PAPER. HE SAID LORI WAS HOME WAITING FOR THE PAPER AND WHEN WOULD IT BE DONE. I TOLD HIM WE'LL HAVE IT DROPPED OFF SOON, I JUST HAVE TO TALK TO BILLY.

HER HUSBAND LEAVES

4/29/04 THE SUPT HAS ME WRITE A LETTER TO LORI SEE ATTACHED AND I NEXTEL JAY TO DROP IT OFF BEFORE LUNCH APPROX. 11:50 –11:55 AM

4/30/04 I RECEIVED A LETTER FROM LORI'S ATTY. AT 11AM

**LAW OFFICE OF**
**MARGARET A. ISHIHARA**
86 Church St.
Mattapoisett, MA. 02739

11 April 2006

John J. Cloherty
Pierce, Davis & Perritano, LLP
Ten Winthrop Sq.
Boston, MA. 02110

Re:   Lori Ann Moran vs. Andrew DiPasqua and others, U.S. District Court. D., Mass., docket no. 05-1033NG

Dear Attorney Cloherty;

This letter is a follow up to our telephone conversation today.

There were two audio tapes of the June 30, 2004 Onset Board of Water Commissioners meeting sent to me.   Part of Side A of Tape no. 1 and all of Side B of Tape no. 1 are blank.   Tape no. 2 starts up at a point which indicates that part of the meeting is missing from Tape no. 1.

Please check with the Commissioners and provide me with the missing portions.

Very truly yours,

Margaret A. Ishihara

Fax 1 page to 1 617 617-350-7760

*Exhibit "B"*

Telephone: (508) 758-6981                                                                 Fax: (508) 758-3406